UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BETTY J. RAVENDO,              )    2:07-cv-00554-HDM-PAL
                               )
         Plaintiff,            )
                               )    ORDER
vs.                            )
                               )
PMG HOLDINGS, INC., *et al.*,  )
                               )
     Defendants.               )
_____)

    Before the court is the plaintiff's motion for partial summary judgment (#37) and defendant's cross-motion for summary judgment (#39). Plaintiff seeks partial summary judgment as to a certain portion of the debt allegedly owed by defendant under the Stock Purchase Agreement and Promissory Note entered into by both parties on December 1, 2005, which effected the sale of plaintiff's community management company, Raven Management, Inc., to the defendant. Defendant claims that a genuine issue of material fact exists with respect to the amount of the debt, which springs from a contract provision allowing for an offset to the debt that includes any ongoing damages sustained by the defendant.

    Defendant seeks summary judgment on plaintiff's sole surviving claim based on defendant's bad faith in exercising the offset

1

provision of the Stock Purchase Agreement.  Plaintiff counters that additional discovery is needed to substantiate her claim.

**I. Summary Judgment Standard**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c). The burden of demonstrating the absence of a genuine issue of material fact lies with the moving party, and for this purpose, the material lodged by the moving party must be viewed in the light most favorable to the nonmoving party.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); Martinez v. City of Los Angeles, 141 F.3d 1373, 1378 (9th Cir. 1998).  A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the differing versions of the truth.  *Lynn v. Sheet Metal Workers Int'l Ass'n*, 804 F.2d 1472, 1483 (9th Cir. 1986); *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).

Once the moving party presents evidence that would call for judgment as a matter of law at trial if left uncontroverted, the respondent must show by specific facts the existence of a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Id.* at 249-50 (citations omitted).  "A mere scintilla

2

of evidence will not do, for a jury is permitted to draw only those inferences of which the evidence is reasonably susceptible; it may not resort to speculation." *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978); *see also Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 596 (1993) ("[I]n the event the trial court concludes that the scintilla of evidence presented supporting a position is insufficient to allow a reasonable juror to conclude that the position more likely than not is true, the court remains free . . . to grant summary judgment."). Moreover, "[i]f the factual context makes the non-moving party's claim of a disputed fact implausible, then that party must come forward with more persuasive evidence than otherwise would be necessary to show there is a genuine issue for trial." *Blue Ridge Insurance Co. v. Stanewich*, 142 F.3d 1145, 1149 (9th Cir. 1998) (citing *Cal. Architectural Bldg. Products, Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987)). Conclusory allegations that are unsupported by factual data cannot defeat a motion for summary judgment. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

**II.  Plaintiff's Motion for Partial Summary Judgment**

Under the Stock Purchase Agreement, the sale of Raven Management, Inc., for $500,000 consisted of two parts: a $125,000 cash closing payment, and a $375,000 secured promissory note. (Pl. Mot'n for Partial Summ. J., Ex. A (Stock Purch. Ag't at 13)). The promissory note was amortized over twenty years, and payments were to be made in monthly installments of principal and accrued interest over a five-year term. (Id.)

The critical provision of this agreement, which lies at the

3

heart of this lawsuit and both parties' motions for summary judgment, provides as follows, in full:

> 8.9 <u>Right of Set-Off</u>.  Upon notice to the Seller specifying in reasonable detail the basis for such set-off, the Buyer shall be entitled to set off any amount to which it may be entitled under this <u>Article Eight</u> against amounts otherwise payable under the Promissory Note.  The exercise of such Right of set-off by the Buyer in good faith, whether or not ultimately determined to be justified, will not constitute an event of default under the Promissory Note or the Security Agreement (or under any other agreement or instrument securing or assuring the payment of the Promissory Note).  Neither the exercise of nor the failure to exercise such Right of set-off will constitute an election of remedies or limit the Buyer in any manner in the enforcement of any other Rights that may be available to it. (Id. at 34).

The defendant ("Buyer") claims to be exercising its rights under this provision in response to alleged actions taken by the plaintiff ("Seller") in breach of the contract. Specifically, defendant alleges that the plaintiff referred one of the principal clients of a subsidiary association management company of the defendant to a competing association management company.  (Def. Opp'n at 3).  The client subsequently terminated its contract with the defendant's subsidiary.  (Id.).

In response to this alleged breach, defendant ceased its monthly payments on the promissory note, invoking Section 8.9 of the agreement.[1]  (Id. at 3-4).  Defendant initially claimed that the value of its set-off was $131,981.82, meaning that it would not resume its monthly payments on the promissory note until the equivalent of that amount had come due.  (Id. at 4).  The amount

---

[1] Defendant additionally terminated plaintiff's employment with Raven Management, which had been another condition of the Stock Purchase Agreement.  Neither party contests the validity of that action, so the court will not address it.

4

reflected defendant's calculation of its damages as a result of the plaintiff's actions as of May 22, 2007. Defendant has since revised this figure upwards twice, on September 7, 2007, and again on December 20, 2007, and given plaintiff notice of these revisions in letters on those dates. (Id.). Each new figure grew to include the attorney's fees and costs of litigation associated with the plaintiff's pursuit of this action. Defendant argues that the inclusion of these costs is justified as they are costs "arising, directly or indirectly, from, asserted against or incurred by reason of, resulting in any manner from, or relating in any manner to" the plaintiff's breach of the Stock Purchase Agreement. (Id. At 2 (quoting Ex. Stock Purch. Ag't at 31)).

Plaintiff argues that as a matter of law she is entitled to the difference between defendant's claimed offset as of May 22, 2007, and the amount due on the promissory note, totaling $234,402.44. (Pl. Mot'n for Partial Summ. J. at 3). Plaintiff claims that this amount is undisputed, but ignores the defendant's subsequent revisions of its claimed offsets, which significantly affect her calculations, and which the defendant changes on an ongoing basis. Without addressing the validity of the defendant's use of the contract's offset provision, or its validity, the court concludes that there is a genuine issue of material fact with respect to the amount owed under the offset, and that plaintiff's motion for partial summary judgment fails.

**III. Defendant's Cross-Motion for Summary Judgment**

Defendant moves for summary judgment on the issue of plaintiff's claim of bad faith by the defendant in its exercise of

5

the off-set provision of the Stock Purchase Agreement.  Defendant asserts that plaintiff admitted referring a large client of defendant's subsidiary association management company to a competing company, in violation of a provision of the Stock Purchase Agreement.  (Def. Cross-Mot'n for Summ. J. At 6-8). Plaintiff's employment agreement with defendant, which was incorporated into the Stock Purchase Agreement, provided that plaintiff was not to make any statement or perform any act which could be detrimental to the company.  Upon plaintiff's alleged violation of this provision, defendant invoked the set-off provision of the Stock Purchase Agreement quoted above, and began withholding its payments on the Promissory Note.  Plaintiff claims that defendant acted in bad faith.

The court finds that defendant's motion for summary judgment is premature, and that plaintiff is entitled to discovery on the timetable determined by the parties and the magistrate judge. Defendant may renew its motion upon the completion of discovery if it so wishes.

**IV. Conclusion**

The court therefore denies plaintiff's motion for partial summary judgment (#37) and defendant's cross-motion for summary judgment (#39) without prejudice.

**IT IS SO ORDERED.**

DATED: This 13th day of March, 2008.

_Howard D. McKibben_
UNITED STATES DISTRICT JUDGE

6